OPINION
Defendant-appellant Michael A. Latimore appeals the November 4, 1998, Judgment Entry of the Ashland County Court of Common Pleas adjudicating him a sexual predator as defined in O.R.C. Section2950.01(E). Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On December 4, 1990, the Ashland County Grand Jury indicted appellant Michael Latimore on one count of rape in violation of R.C. Section 2907.02(A)(2), an aggravated felony of the third degree, one count of attempted rape in violation of R.C. Sections2923.02(A) and 2907.02(A)(2), an aggravated felony of the second degree and one count of aggravated robbery in violation of R.C. Section 2911.01(A)(1), an aggravated felony of the first degree. At his arraignment on December 10, 1990, appellant entered a plea of not guilty to the charges contained in the indictment. Thereafter, a jury trial commenced on April 9, 1991. On April 11, 1991, the jury returned with verdicts finding appellant guilty of rape and of aggravated robbery. However, since the jury was unable to reach a verdict with respect to the count of attempted rape, in violation of R.C. 2907.02(A)(2), the trial court declared a hung jury with respect to such count. Thereafter, on April 15, 1991, the trial court sentenced appellant to prison for eight years to twenty-five years with respect to the count of rape in violation of R.C. 2907.02(A)(2) and to seven years to twenty-five years with respect to the charge of aggravated robbery in violation of R.C.2911.01(A)(1). The two sentences were to be served consecutively. Appellant appealed his conviction and sentence to this court. Pursuant to an Opinion filed on March 12, 1992, this court ordered that the judgment of conviction and sentence entered in the Ashland County Court of Common Pleas be reversed and the case be remanded for further proceedings. Following a trial in November of 1992, the jury returned with a verdict on November 4, 1992, finding appellant guilty of rape but not guilty of attempted rape. The jury was unable to reach an unanimous verdict as to the count of aggravated robbery. The trial court declared a hung jury as to such count. Thereafter, appellant was sentenced to prison for from eight years to twenty-five years for rape. A Judgment Entry memorializing appellant's conviction and sentence was filed on November 6, 1992. Pursuant to an Opinion filed on January 3, 1994, this court affirmed appellant's conviction and sentence. After the enactment of Ohio's version of Megan's Law, R.C. Chapter 2950, a hearing to determine appellant's status as a sexual predator under R.C. 2950.09 was held on October 1, 1998. Prior to the hearing, on September 9, 1998, appellant filed a Motion to Dismiss alleging that R.C. 2950.09 is unconstitutional. Appellant specifically alleged in his motion that Chapter 2950 constituted an ex post facto law and violated his right to due process. A response to appellant's Motion to Dismiss was filed by appellee on September 30, 1998. At the hearing on October 1, 1998, the trial court denied appellant's motion to dismiss. At the October 1, 1998, sexual predator hearing, Jim Detrow, who was formerly a detective-lieutenant with the Ashland City Police Department, testified regarding the sexual conduct resulting in appellant's conviction for one count of rape in 1991. Detrow had interviewed the 23 year old victim as part of the investigation in this case. According to Detrow, the victim told him that she had received a phone call earlier that day from appellant. Appellant, who was the ex-boyfriend of the victim's sister, who wanted to bring $100.00 to the victim so that she could give it to her sister for a sick child. When appellant arrived at approximately 6:45 P.M., he asked the victim to use the bathroom. After appellant exited the bathroom, he grabbed the victim by the right side of the head with his left hand and threw her back onto the bed. The victim, Detrow testified, told him that appellant held a knife to her throat while telling her to remove her clothes. Appellant, who repeatedly threatened to kill the victim throughout the whole incident, raped the victim while holding the knife to her throat. According to the victim, the rape lasted from approximately 3 to 5 minutes. At some point during the rape, the victim's fingers were cut by the knife being held to her throat by the appellant. In addition to raping the victim, appellant asked her "to suck his penis". Transcript of Proceedings, at 11. The victim, however, refused. When Detrow arrived at the scene, he was told by a police officer on the scene that the victim was sitting on the floor and "in near hysteria". Transcript of Proceedings at 5. Detrow also testified that the bed was in disarray and large blood spots were in several areas on the bed and on the floor. Based on his observations, Detrow concluded that there had been some sort of struggle. In addition to Detrow's testimony, a certified copy of appellant's criminal sentencing entry for one count of rape, a certified copy of the indictment, and a certified copy of the jury's guilty verdict were admitted into evidence at the October 1, 1998, hearing. At the October 1, 1998, hearing, appellee and appellant also stipulated to the admission of exhibits showing that appellant had completed various sexual offender programs. In addition, appellant himself testified at the hearing. Appellant, who had asked to make an unsworn statement, testified that he was not a sexual predator in "any shape, form or fashion" or a habitual sex offender. Transcript of Proceedings at 20. Appellant specifically denied preying on the victim in this case and testified that "he was put in this situation". Transcript of Proceedings at 19. At the conclusion of the hearing, the trial court took the matter under advisement and requested that both parties submit post hearing memoranda. Both parties subsequently submitted post hearing memorandums. Pursuant to a Judgment Entry filed on November 4, 1998, the trial court held as follows: "After considering all the factors set forth in O.R.C. Section 2950.09(B)(2) and the evidence presented by the State of Ohio and the Defendant at said hearing, this Court found, by clear and convincing evidence, on November 4, 1998, that the defendant is a sexual predator under O.R.C. Section 2950.09(C)". The trial court, in a separate Judgment Entry filed the same day had stated as follows: "If the defendant is capable of going through two trials, seven and one half years of imprisonment and sex offender treatment without accepting any responsibility for his criminal conduct, there is no reason to believe that he will be able to act responsibly and lawfully upon his release from prison. This Court finds that the Defendant clearly has a predilection for violence against women. Defendant's victim was not a stranger, she was someone he had known for many years." The trial court further noted that defendant was still not able to see the wrongfulness of his actions and that it was likely that appellant would re-offend in the future. It is from the trial court's November 4, 1998, Judgment Entry that appellant prosecutes his appeal raising the following assignment of error:
 THE TRIAL COURT ERRED IN FINDING DEFENDANT-APPELLANT A SEXUAL PREDATOR BASED ON THE FACT, THAT THE STATE FAILED TO MEET ALL THE CRITERIA SPELLED OUT IN O.R.C. SECTION 2950.09(B)(2), AND THE COURT FAILED TO PROPERLY APPLY EACH AND EVERY DIVISION OF O.R.C. SECTION 2950.09(B)(2) IN MAKING ITS DETERMINATION.
 I
Appellant in his first assignment of error, maintains that the trial court erred in determining that appellant was a sexual predator as defined in R.C. 2950.01(E). Appellant specifically contends that the trial court failed to consider all of the criteria set forth in O. R.C. Section 2950.09(B)(2)(a-j). In State v. Cook (1998), 83 Ohio St.3d 404, the Supreme Court of Ohio determined that R.C. Chapter 2950 is remedial, not punitive, in nature. As such, we will review this Assignment of Error under the standard of review contained in C.E. Morris Co. v. Foley Construction (1978), 54 Ohio St.2d 279. Accordingly judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence R.C. 2950.01(E) defines a "sexual predator" as "a person who has been convicted of or plead guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." A violation of R.C. 2907.02 (Rape) is a sexually oriented offense under R.C. 2950.01(D)(1). Since the appellant was convicted, sentenced and serving his prison term for a sexually oriented offense when Ohio's version of Megan's Law took effect, the procedure to determine if he is a sexual predator is set forth in R.C. 2950.09(C). R.C. 2950.09(C)(2)(b) refers the trial court to 2950.09(B) for procedures and criteria to be used. In addition, R.C. 2950.09(C)(2)(b) states that the trial court is to consider all relevant factors. R.C. 2950.09(B)(2) sets forth factors a trial court is to consider in making its determination: (a) The offender's age; (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses; (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed; (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims; (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting; (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders; (g) Any mental illness or mental disability of the offender; (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse; (I) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty; (j) Any additional behavior characteristics that contribute to the offender's conduct.
The trial court shall determine an offender to be a sexual predator only if the evidence presented convinces the court by clear and convincing evidence. R.C. 2950.09(C)(1). We find that the trial court did consider all relevant factors set forth in R.C. 2950.09(B)(2) and that there was competent, credible evidence to support the trial court's adjudication of appellant as a sexual predator as defined in R.C. 2950.01(E). At the October, 1998, hearing, the trial court was presented with a copy of appellant's criminal sentencing entry, a copy of his indictment and a copy of the jury's verdict finding appellant guilty of rape. Moreover, Jim Detrow testified that appellant, under the guise of providing the victim's sister with money for a child, was granted permission to enter the apartment in which the victim was residing. Detrow testified that the victim told him that appellant had requested permission to use a bathroom in the apartment. Upon exiting the bathroom, appellant grabbed the victim, who was 23 years old at the time, and raped her while holding a knife to her throat and to the side of her head. Both throughout the ordeal and after, appellant repeatedly threatened to kill the victim placing her in what Detrow classified as "definite fear of her life." Transcript of Proceedings at 8. In fact, the victim was cut on the hand by the knife used during the rape. Detrow testified that the victim also told him that appellant, who had dated the victim's sister for a number of years, had been abusive towards her sister who had moved to Columbus to get away from appellant. The victim's sister confirmed that appellant had been abusive towards her. Based on the foregoing, we agree with the trial court's conclusion that appellant "clearly has a predilection for violence against women", that appellant "saw an opportunity to act on his predilection for illegal sexual conduct and took advantage of it", and that appellant was likely to re-offend in the future. Accordingly, we find that the trial court considered the relevant facts set forth in R.C. 2950.09(B)(2) and that there was competent, credible evidence to support the trial court's adjudication of appellant as a sexual predator. We further find that the evidence presented and the findings made by the trial court following the October 1, 1998, hearing support the finding that appellant is a sexual predator under R.C. 2950.01(E) by clear and convincing evidence and that such finding is not against the manifest weight of the evidence.
Appellant's first assignment of error is denied.
The Judgment of the Ashland County Court of Common Pleas is affirmed.
By EDWARDS, J. GWIN, P.J. and HOFFMAN, J. concur